UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRUCE EWEN,**

           **Plaintiff,**

-vs-

           **PORTFOLIO RECOVERY**
           **ASSOCIATES, LLC,**

           **Defendant.**
_____/
LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (P 48617)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

**This is an FDCPA action where the Debt Collector continues to contact Plaintiff for a debt he does not owe. Plaintiff provided his personal information to the Debt Collector showing he is not the person they are looking for but they continue to contact Plaintiff. Plaintiff, through his counsel, <u>tried to resolve this pre-suit but the Debt Collector still refused</u> and the case was filed.**

Plaintiff, **BRUCE EWEN,** (Plaintiff) by and through counsel, brings this action against

the above listed Defendant, **PORTFOLIO RECOVERY ASSOCIATES, LLC,** (Defendant) on

the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages,

punitive damages, costs and attorney's fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Detroit, Wayne County, Michigan, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a debt collector located in the State of Virginia with the actions in this case taking place in Plaintiff's home location, Detroit, Wayne County, Michigan.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d). The court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts that give rise to any federal law claims under 28 U.S.C. § 1367.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Michigan Collection Practices Act (MCPA), MCLA 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. MCLA 445.251 (1)(b).

14.

A "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. MCLA 445.251 (1)(d).

15.

Prohibited acts by debt collectors or collection agencies under MCLA 445.252 include:

(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau.

(b) Using forms or instruments which simulate the appearance of judicial process.

(d) Using forms that may otherwise induce the belief that they have judicial or official sanction.

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

    (i) The legal status of a legal action being taken or threatened.

    (ii) The legal rights of the creditor or debtor.

    (iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.

(i) Communicating information relating to a debtor's indebtedness to an employer or an employer's agent unless the communication is specifically authorized in writing by t he debtor subsequent to the forwarding of the claim for collection, the communication is in response to an inquiry initiated by the debtor's employer or the employer's agent, or the communication is for the purpose of acquiring location information about the debtor.

(q) Failing to implement a procedure designed to prevent a violation by an employee.

(s) Employing a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan Compiled Laws, to collect a claim unless that person is licensed under article 9 of Act No. 299 of the Public Acts of 1980.

(n) Using a harassing, oppressive, or abusive method to collect a debt.

16.

Under The Michigan Collection Practices Act, MCLA 445.257 et seq.(1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief.(2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.

## V. FACTUAL ALLEGATIONS

17.

Plaintiff is receiving numerous calls from Defendant in regards to the collection of an alleged debt.

18.

Defendant is repeatedly calling Plaintiff for the collection of an alleged debt that Plaintiff does not owe. The phone number that Defendant is repeatedly calling Plaintiff from is 866-428-6589.

19.

Defendant is repeatedly calling Plaintiff even after Plaintiff told Defendant that he does not owe this debt.

20.

In fact, even after Plaintiff confirmed with Defendant that his social security number and birthday do not match those of the person who allegedly owes the debt, Defendant is continuing to call Plaintiff numerous times. **Please see attached Exhibit No. 1.**

21.

Defendant told Plaintiff that they would remove his number from their list, however, Defendant continues to call Plaintiff repeatedly.

22.

Defendant has even implied to Plaintiff that they were going to file a lawsuit against him by telling Plaintiff that they would "take this further" and stating that Plaintiff needs to resolve this matter. **Please see attached Exhibit No. 1.**

23.

Defendant has been rude and abusive in conversations with Plaintiff and has even hung up on Plaintiff in some conversations. **Please see attached Exhibit No. 1.**

24.

Defendant has also refused to let Plaintiff speak to a supervisor when requested by Plaintiff.

25.

Defendant has failed to state their company name in some conversations with Plaintiff, in violation of the FDCPA.

26.

To date, Plaintiff has not received anything in writing from Defendant, as required by the FDCPA. **Please see attached Exhibit No. 1.**

27.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and MCPA. **Please see attached Exhibit No. 2.**

.

## VI. CAUSES OF ACTION

### CLAIM AGAINST DEFENDANT UNDER THE FDCPA

28.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt. **Please see Paragraphs 18, 21, 22, 25, and 26.**

29.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. **Please see Paragraphs 17, 18, 19, 20, 21, 22, 23, and 24.**

30.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. **Please see Paragraphs 17, 18, 19, 20, and 21.**

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. **Please see Paragraphs 17, 18, 19, 20, 21, 22, and 23.**

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt. **Please see Paragraphs 18, 19, 20, and 22.**

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse the hearer. **Please see Paragraphs 23 and 24.**

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity. **Please see Paragraph 25.**

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. **Please see Paragraph 22.**

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false. **Please see Paragraph 22.**

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f(1) by attempting to collect any amount that is not expressly authorized by the agreement creating the debt or permitted by law. **Please see Paragraphs 18, 19, 20, 21, and 22.**

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(1) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the amount of the debt. **Please see Paragraphs 26.**

39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(2) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the name of the creditor to whom the debt is owed. **Please see Paragraphs 26.**

40.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(3) by failing to provide Plaintiff within five days of the initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. **Please see Paragraphs 26.**

41.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(4) by failing to provide Plaintiff within five days of the initial communication with a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. **Please see Paragraphs 26.**

42.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(5) by failing to provide Plaintiff within five days of the initial communication with a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. **Please see Paragraphs 26.**

43.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

44.

Plaintiff seeks judgement against the Defendant in whatever amount that Plaintiff is entitled less than $25,000, consequential damages and the costs and expenses of this action.

## CLAIM AGAINST DEFENDANT UNDER THE MCPA AND THE MICHIGAN OCCUPATIONAL CODE

45.

Defendant has violated MCLA 445.252 (a) with the use of false representations and deceptive means in its contact of Plaintiff. **Please see Paragraphs 18, 19, 20, 21, 22, 24, 25 and 26.**

46.

Defendant has violated MCLA 445.252(n) by using a harassing, oppressive or abusive method to collect on a debt. **Please see Paragraphs 17, 18, 19, 20, 21, 22, 23, and 24.**

47.

Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee. **Please see Paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26.**

48.

Defendant has violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. **Please see Paragraph 21 and 22.**

49.

Defendant has violated MCLA 445.252(f)(i) by misrepresenting the legal status of a legal action being taken or threatened. **Please see Paragraph 22.**

50.

Defendant has violated MCLA 445.252(f)(ii) by misrepresenting the legal rights of the debtor. **Please see Paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26.**

51.

Defendant has violated MCLA 445.252(g) by communicating with a debtor without accurately disclosing the caller's identity. **Please see Paragraphs 25 and 26.**

52.

Defendant's foregoing acts in attempting to collect this alleged debt against the Plaintiff constitute violations of the Occupational Code, M.C.L. § 339.915 including but not limited to the following:

a. (n) Using a harassing, oppressive or abusive method to collect a debt.

b. (q) By failing to implement a procedure designed to prevent a violation by an employee.

c. (a) By communicating with a debtor in a misleading or deceptive manner.

d. (e) By making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

e. (f)(i) By misrepresenting the legal status of a legal action being taken or threatened.

f. (f)(ii) By misrepresenting the legal rights of the debtor.

g. (g) By communicating with a debtor without accurately disclosing the caller's identity.

53.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the MCPA and the Michigan Occupational Code.

54.

Under MCLA 445.257 et seq., Plaintiff is eligible for equitable relief, triple damages and his attorney fees and costs. and further statutory damages under the act.

55.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory and emotional damages;
3. For attorneys' fees and costs incurred in this action;
4. For Triple Damages under the MCPA, and
5. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 29th day of September, 2009.

Respectfully submitted,

s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff
30700 Telegraph Road, Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
brianparker@collectionstopper.com